(No. 4445— 

JAMES E. BROADWAY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 14, 1952.*

MORRIS B. CHAPMAN, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; CHARLES H. EVANS, Assistant Attorney General, for Respondent.

DELANEY, J.

Claimant, James E. Broadway, was employed on January 23, 1951 as a common laborer by respondent in the Department of Public Works and Buildings, Division of Highways. On that day, Mr. Broadway was one of a group of men engaged in placing oil drums on

a rack in the Division's storage shed in Stallings, Madison County, Illinois. At approximately 8:30 A.M., Mr. Broadway was rolling a metal drum of kerosene up a board to place it on a service rack. While doing this, the board on which the drum was being rolled broke, causing the drum to fall to the ground. Mr. Broadway's left middle and small fingers were caught between the end of the drum, which fell, and another drum on the rack. The palmar surface of the distal end of his left middle finger was cut and torn, and the distal end of the left small finger was severely bruised.

The Division took Mr. Broadway to St. Elizabeth's Hospital, Granite City, where Dr. Irwin Wiesman was placed in charge of the case.

On January 24, 1951, Dr. Wiesman submitted the following report to the Division of Highways:

"Nature of Injury—Avulsion laceration of volar pad of distal end of left middle finger. Contusion to distal end of left 4th finger. Treatment—Wound closed with six sutures. 5,000 units tetanus anti-toxin given. Surgical dressings. X-Rays—None. Estimated date of discharge—4 to 5 weeks. Estimated date patient able to work —About February 28, 1951. What permanent disability do you expect?—None."

Dr. Wiesman submitted his final report on April 5, 1951, which is as follows:

"Nature of Injury—Avulsion laceration of volar pad of distal end of left middle finger. Contusion to distal end of left 4th finger. Treatment—Wound to left middle finger closed with 6 sutures. 5,000 units of tetanus anti-toxin given. Surgical dressings. X-Rays—None. Estimated date of ability to return to work—March 5, 1951. Date patient was discharged—April 5, 1951. Permanent disability—Permanent scar left middle finger with minimal stiffening of finger. Estimated permanent disability 5%."

Claimant was 44 years of age, and had no children under 18 years of age dependent upon him for support at the time of the injury. Other employees working in the same capacity as claimant ordinarily work less than 200 days a year. Therefore, under Section 10 of the Workmen's Compensation Act, claimant is presumed

to have earned $1,560.00 in the year preceding the accident.

An examination of the claimant's hand by our Commissioner Frank Summers indicated that claimant received about a 10% total loss of use of his left hand as a result of the injury sustained. From a review of the evidence, and the observations of our Commissioner, we are of the opinion that claimant is entitled to an award for 10% permanent loss of use of his left hand.

Claimant is entitled to an award under Section 8, Paragraph (e) (12), of the Workmen's Compensation Act, of 17 weeks at the compensation rate of $22.50 per week, or the sum of $382.50.

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's Compensation Act, and the accident arose out of and in the course of the employment. Respondent further furnished complete surgical, medical and hospital treatment.

Mr. Broadway was totally disabled because of this injury from January 24 to March 4, 1951, inclusive. He was paid compensation at the rate of $22.50 a week for the period of disability in the amount of $128.57. Compensation was terminated on March 5, the date on which Dr. Wiesman said he was able to return to work. Claimant's weekly compensation rate would be the maximum of $15.00. Since the accident occurred subsequent to July 1, 1949, this must be increased 50%, making the compensation rate $22.50 per week.

The record consists of the following: complaint, Departmental Report, stipulation waiving briefs of both parties, and transcript of evidence.

An award is, therefore, made to claimant, James

E. Broadway, in the sum of $382.50, all of which has accrued, and is payable forthwith.

T. W. Elliott was émployed to take and transcribe the evidence at the hearing before Commissioner Summers. Charges in the amount of $28.15 were incurred for these services, which are fair, reasonable and customary. An award is, therefore, entered in favor of T. W. Elliott in the amount of $28.15, payable forthwith.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".